**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RUFUS J. ERVIN, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04 CV01296CEJ(LMB) |
| ) | |
| DONALD ROPER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the petition of Rufus J. Ervin, Sr., for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Presently pending is "Petitioner's Motion for Reconsideration of Order." (Document Number 34). Also pending is petitioner's "Motion for a Court Ordered Show Cause Date, Ordering the State to Show Cause Date in My Petition for Writ of Habeas Corpus Case" (Doc. No. 38). Respondent has not responded to petitioner's motions.

**Discussion**

**A.   Motion to Reconsider**

In his Motion for Reconsideration of Order, petitioner challenges the court's November 28, 2005 Order denying petitioner's motion for injunction. (Doc. No. 33). Petitioner, in his motion for injunction, claimed that prison staff was denying him access to materials such as legal files, transcripts, notes, case law, medical records, and office supplies. (Doc. No. 25). The court denied petitioner's motion, finding that petitioner was challenging the conditions of confinement,

which is the proper subject of an action under 42 U.S.C. § 1983, and not the proper subject of a petition for a writ of habeas corpus. Petitioner now claims that the court erred in denying his motion for injunction. The court construes this motion as a motion to reconsider under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

In this case, the court finds that petitioner's argument lacks merit. Petitioner does not cite any of the enumerated circumstances justifying relief from the court's order denying his motion for injunction. Rather, petitioner merely makes the same arguments that he made in his motion for injunction and other related filings with the court. Rule 60(b) motions are not vehicles for simple reargument on the merits. See Broadway, 193 F.3d at 990. Accordingly, petitioner is not entitled to relief from the order denying his motion for injunction.

### B. Motion for Show Cause Order

In his "Motion for a Court Ordered Show Cause Date, Ordering the State to Show Cause Date in My Petition for Writ of Habeas Corpus Case," petitioner requests that the court issue an order directing respondent to show cause why his petition should not be granted. Petitioner states that he filed an amended petition on February 9, 2005, to which respondent has not responded. A

review of the docket sheet, however, reveals that respondent filed a Response to the amended petition on May 24, 2005. (Doc. No. 23). Thus, petitioner's motion will be denied.

**ORDER**

**IT IS HEREBY ORDERED** that "Petitioner's Motion for Reconsideration of Order" (Doc. No. 34) be and it is **denied**.

**IT IS FURTHER ORDERED** that petitioner's "Motion for a Court Ordered Show Cause Date, Ordering the State to Show Cause Date in My Petition for Writ of Habeas Corpus Case" (Doc. No. 38) be and it is **denied.**

Dated this __4th__ day of August, 2006.

*Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE